**NATURAL GAS PIPELINE CO. OF AMER-
ICA et al. v. FEDERAL POWER
COMMISSION et al.**

No. 7454.

Circuit Court of Appeals, Seventh Circuit.

June 26, 1942.

See, also, 7 Cir., 129 F.2d 515.

George I. Haight and J. J. Hedrick, both of Chicago, Ill., and S. A. L. Morgan, of Amarillo, Tex., for petitioners.

Wm. S. Youngman, Richard J. Connor, George Slaff, and Daryal A. Myse, all of Washington, D. C., for respondent Federal Power Commission.

George F. Barrett, of Chicago, Ill., for respondent Illinois Commerce Commission.

Before EVANS and KERNER, Circuit Judges.

No. 7454.

Circuit Court of Appeals, Seventh Circuit.

June 26, 1942.

See, also, 7 Cir., 129 F.2d 515.

J. J. Hedrick, of Chicago, Ill., and S. A. L. Morgan, of Amarillo, Tex., for petitioners.

Wm. S. Youngman, Richard J. O'Connor, George Slaff and Daryal A. Myse, all of Washington, D. C., for Federal Power Commission.

George F. Barrett, of Chicago, Ill., for Illinois Commerce Commission.

Before EVANS and KERNER, Circuit Judges.

PER CURIAM.

The court has had under consideration the distribution of the funds which the petitioners must pay pursuant to the order of the Federal Power Commission, approved by the Supreme Court on the sixteenth of March, 1942. Among other questions there are two which relate to, or bear upon, the amount which petitioners should pay. The principal sum is not in question, but there is a dispute over the requirement of interest upon the sums due from the petitioners, as well as the expenses incident to distributing the refund among consumers or other parties, which the court may find are entitled to receive said refund.

Our guide is the case of United States v. Morgan, 307 U.S. 183, 59 S.Ct. 795, 83 L.Ed. 1211. We have jurisdiction of the fund, and are compelled to see to its distribution. In ascertaining what the order should be, as well as the costs of distributing this amount, we are directed by this case to apply equitable principles and to produce and accomplish results which are fair and equitable.

In reaching the conclusion as to interest, we are impressed by the argument that the Commission ordered the petitioners to reduce the charges they were making to the utilities by the sum of $3,750,000 per annum. Petitioners failed to comply with that order but wished to review it in the courts. They failed to get a modification or change in said order in the courts, although their proceedings were admittedly in good faith and not for the sake of delay or for the use of moneys which they were collecting under the old rates. It is our opinion that under the circumstances they must be chargeable with interest from the dates they received the moneys and upon the amounts they received in excess of the order made by the Power Commission.

Guided by the requirement that our action should reflect justice and equity, we think a fair rate of interest under the circumstances, considering the times, is 2%.

Under the facts in this case, we are unable to say that the petitioners should be charged with the expenses of the distribution. They did not deal with the consumers, although the gas they sold was known by them to be for the consumers who would ultimately pay the bill for it. The public utility was merely a conduit whereby the natural gas, mixed with other gas, was to be delivered to the consumers, who were to pay a price therefor, fixed by the utilities, after approval by the Illinois Commerce Commission. Under all the circumstances we do not believe that it would be equitable or just to require the petitioners to pay any of the expenses incident to the distribution of said fund.